IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FOSTER W. GULLEY,
     Plaintiff,

vs.                               Case No:  3:07cv409/RS/MD

ESCAMBIA COUNTY, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed his amended civil rights complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 (Doc. 12).  Upon review of the complaint, the court concludes that plaintiff has failed to state a claim for relief against three defendants, and the remaining defendant is immune from suit, therefore, dismissal of the complaint is warranted.

Plaintiffs name four Defendants in this action: Escambia County, Florida; Attorney Fred Gant; Mr. Gant's law firm, Albritton and Gant Law Offices; and Judge Edward P. Nickinson. (Doc. 12 at 1, 2).[1]  Plaintiff's claim appears to be that defendants violated his constitutional rights to due process and equal protection, and conspired to do so, during a child custody proceeding in August of 2002 and a subsequent proceeding in September of 2003 in which the mother sought child custody enforcement and temporary child support through the representation of defendant Fred Gant and his law office.  (Doc. 12 at 3(a), 3(b), 3(c), 4).    Plaintiff alleges that Judge Nickinson "impermissibly intertwined

---

[1] This is not plaintiff's first attempt to litigate this matter.  This case is substantially similar to a case plaintiff filed in 2006 against the same four defendants plus an additional defendant, Luz Garcia Connor.  Case 3:06cv337/LAC/EMT.  That case was dismissed for failure to state a claim against the named defendants. (Case 3:06cv337/LAC/EMT, doc. 7 & 13).  See also 3:06cv23/RV/MD, *Gulley v. Bell*, where plaintiff attempted to challenge  a state court judge's adverse ruling in a custody proceeding.

unconstitutional conduct with judicial acts," interrogating his child in chambers using coercive and deceptive tactics in an attempt to improperly influence her against her father. (*Id.* at 3(b), 4i, 4j, 4).  Plaintiff claims that the court's failure to continue the September hearing after determining that it was not an "emergency" deprived him of his rights.  (*Id.* at 3(c), 4).  He alleges that the court and counsel improperly conspired to enter a one-sided order after the hearing because of disgruntlement with plaintiff's allegations of misconduct against them with respect to the August hearing.  (*Id.* at 4b, 4d).  He claims that Judge Nickinson should have recused himself due to plaintiff's complaint about the prior proceedings, and that his failure to do so was jurisdictional error. (*Id.* at 4, 4d).   He also claims that Judge Nickinson's written order, which was submitted by Attorney Gant, did not track the oral pronouncements made at the September 2003 hearing. (*Id.* at 4e).  Finally, he claims that Escambia County is liable for authorizing the unlawful hearing and unconstitutional acts of Judge Nickinson, including holding an improper hearing, acting out of prejudice against the plaintiff, and placing a minor child in "harm's way" to cover up his own wrongdoing.  (*Id.* at 4e, 4g, 4h).

In addition to the due process violations he alleges, plaintiff asserts that both he and his child have suffered "irreparable material injury" as a result of the court's misconduct in lying to the child, and making defamatory allegations against the plaintiff. (*Id.* at 4i, 4j).  He also claims to have suffered intentional infliction of emotional distress and that he and his child were the subject of an "illegal search and seizure" as a result of the hearing. (*Id.* at 4j, 4k).  He seeks compensatory damages in the amount of $2.9 million, punitive damages of $8 million, exemplary and actual damages of $10.9 million against each defendant.

Since plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S.

at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

In order to prevail in a section 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a state actor one of three conditions must be met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citation omitted).

In the instant case, there is no question that Defendant Gant was acting as attorney for a private party when he filed motions, and a proposed order, presented evidence, and otherwise appeared on behalf of his client. None of the three conditions required to hold private parties liable as state actors is met, and Attorney Gant and his law firm are not state actors. Therefore, plaintiff has failed to state a claim under section 1983 as to defendant Gant and Mr. Gant's law firm.

To the extent plaintiff attempts to state a conspiracy claim against defendant Gant and the law firm, this claim should also be dismissed. Section 1985 of Title 42 of the

United States Code provides a remedy based upon a conspiracy to deprive an individual of equal protection or equal privileges and immunities under the law.  Under section 1985, plaintiff must establish (a) the existence of a conspiracy; (b) that defendants intended to deny plaintiffs of his right to equal protection of laws, or equal privileges and immunities under the laws; (c) injury or deprivation of a federally-protected right; (d) an overt act in furtherance of the object of the conspiracy; and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action.  *See Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 317-318 (11th Cir. 1989), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993); *Sims v. Jefferson Downs, Inc.*, 611 F.2d 609 (5th Cir. 1980).  A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.  *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990); *Arnold*, 880 F.2d at 309 n.2; *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that defendants reached an agreement or understanding to commit the acts.  *Bendiburg*, 909 F.2d at 468; *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984).

In the instant case, plaintiff's allegations of conspiracy are conclusory and vague. Additionally, plaintiff does not allege that defendants' conduct was motivated by racial or otherwise class-based invidiously discriminatory animus.  Therefore, plaintiff's claims under section 1985 against defendant Gant and Mr. Gant's law firm should be dismissed.

Additionally, plaintiff seeks monetary relief against a defendant who is immune from such relief, namely, Judge Nickinson.  Judges acting in their judicial capacity are absolutely immune from damages suits.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 2815-16, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct.

183, 186, 66 L. Ed. 2d 185 (1980); *see also Sun v. Forrester*, 939 F.2d 924, 925-26 (11th Cir. 1991). This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 362); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 355-357; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. *Simmons*, 86 F.3d at 1084-85 (citing *Stump*, 435 U.S. at 356-57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes*, 776 F.2d at 946-47 (citations omitted). Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. *Stump*, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638

F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. *Stump*, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, the conduct of which plaintiff complains, specifically, Judge Nickinson's determination of matters involving custody matters properly before him and the manner in which testimony was provided, as well as Judge Nickinson's entry of orders in the case, are quintessential judicial functions. Furthermore, as plaintiff was a party in the case over which Judge Nickinson presided, plaintiff was clearly dealing with Judge Nickinson in his judicial capacity. Plaintiff's assertion that Judge Nickinson acted in the complete absence of jurisdiction to hear the child custody matter are conclusory and unsupported. They appear to be based on little more than plaintiff's disagreement with the conduct and outcome of the proceedings. Therefore, judicial immunity shields Judge Nickinson from suit.

Finally, plaintiff cannot state a basis for liability as to Escambia County. Municipal liability under section 1983 exists only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003) (stating that "municipalities may be held liable for the execution of a governmental policy or custom"); *Davis v. DeKalb County School Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000) ("[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' that is, acts which the municipality has officially sanctioned or ordered.") (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986)).

In the instant case, plaintiff cannot show that Judge Nickinson's presiding over the custody proceeding and issuing an order and judgment in that case implemented or

executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Escambia County Commissioners. Therefore, plaintiff's claims against Escambia County should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii, iii).

At Pensacola, Florida this 3rd day of March, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof.  *Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.*  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**